UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3556-GW-MRWx | Date | August 24, 2020 |
|---|---|---|---|
| Title | *David Jennings v. United West Recovery, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None Present                          None Present

**PROCEEDINGS:   IN CHAMBERS - FURTHER RULING ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNITED WEST RECOVERY a/k/a AMERI-WEST SERVICES [19]**

Plaintiff moved for a default judgment against Defendant United West Recovery. *See* Docket No. 19. The Court issued a tentative ruling on July 2, 2020, which denied the motion without prejudice and required supplemental submissions. *See* Docket No. 22. Subsequent filings were made. *See* Docket No. 23-24, 27. On August 21, 2020, this Court sent to Plaintiff a new tentative ruling indicating that it had no problems with the motion except that it needed evidence that a separate agreement authorizing the commercial mail receiving agency ("CMRA", herein Postal Connections) to act as an agent for service of process plus other documentation. On August 23, 2020, Plaintiff submitted evidence of United's written agreement authorizing Postal Connections to act as its agent for service of process. *See* Docket No. 30-1 at 5-6 of 6. At today's hearing, the Court indicated it would review Plaintiff's last submission and respond if further material was needed. Having done so, it concludes that there remains no additional item to show that service was completed.

If a party relies on service through Bus. & Prof. Code § 17538.5, it has to show that all of the statute's requirements as to the CMRA are followed. *See Premier Capital, LLC v. North Aircraft Serv., Inc.*, No. C053396, 2007 WL 1464623, *6 (Cal. Ct. App. 2007) ("We conclude a plaintiff relying on service of a defendant by substituted service on a commercial mail receiving agency (CMRA) under section 17538.5 must submit *an affidavit or proof of service showing compliance with the requirements for service under section 17538.5, including evidence of the CMRA's mailing of the documents to the last known address of its mail receiving customer or former customer.*") (Emphasis added). This is referring to Section 17538.5's requirement that:

> Upon receipt of any process for any mailbox service customer, the CMRA owner or operator shall (A) within 48 hours after receipt of any process, place a copy of the documents or a

:  _____

Initials of Preparer   JG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3556-GW-MRWx | Date | August 24, 2020 |
|---|---|---|---|
| Title | *David Jennings v. United West Recovery, et al.* | | |

notice that the documents were received into the customer's mailbox or other place where the customer usually receives his or her mail, unless the mail receiving service for the customer was previously terminated, and (B) within five days after receipt, send all documents by first-class mail, to the last known home or personal address of the mail receiving service customer. *The CMRA shall obtain a certificate of mailing in connection with the mailing of the documents.* Service of process upon the mail receiving service customer shall then be deemed perfected 10 days after the date of mailing.

Plaintiff hasn't provided any such affidavit showing that the CMRA (Postal Connections) followed those procedures with Plaintiff's service of United. While it may seem formalistic, the courts appear to follow the requirements strictly. *See, e.g.*, *Aussieker v. Lee*, No. 19-cv-00365, 2020 WL 3961951, at *2 (E.D. Cal. July 13, 2020) ("Additionally, plaintiff has failed to satisfy Section 17538(d)(1), which requires commercial mail receiving agencies, within 48 hours after receipt of any process to 'place a copy of the documents or a notice that the documents were received into the customer's mailbox or other place where the customer usually receives his or her mail, unless the mail receiving service for the customer was previously terminated.' Cal. Bus. & Prof. Code § 17538.5(d)(1). *The attestation provided by plaintiff, while declaring that process was sent to defendant's last-known address, does not include any mention of placing copies in defendant's mailbox nor does it include any mention that defendant terminated his service.*"

Plaintiff will submit the necessary material at it earliest convenience.

|  | : |
|---|---|
| Initials of Preparer | JG |